Milligan, J.,
delivered the opinion of the Court.
*168 This bill was brought to enforce the redemption of a house and lot, in the City of Knoxville, which were sold on the 21st of February, 1859, under a deed of trust, executed on the 9th of February, 1856, by the defendant McFarlane, to Garrick W. Orozier, Trustee, to secure Thomas W. Humes in the payment of $1,250. The facts, as they appear in the record, are as follows:
On the 11th of February, 1859, the defendant, McFarlane, made a general deed of trust, or assignment, for the benefit of his creditors, to the complainant, Graves, of all his real and personal estate, consisting of houses and lots in the town of Knoxville, jewelry, choses in action, etc. This assignment embraces the house and lot previously conveyed for the benefit of Thos. W. Humes, and is declared to be subordinate to that conveyance.
On the 4th of March, 1859, Orozier, the Trustee, in the first deed under which the sale had been made, executed to Bridges, the purchaser, his deed conveying such title as was in him, as trustee, to the house and lot in question; and on the 14th of the same month, McFarlane conveyed to Bridges his equity of redemption in the same. After this, on the 8th of September, 1861, Bridges conveyed the house and lot, by deed, in trust, to William Oraig, to secure Thomas W. Humes in the payment of $1,260, due and payable in one, two and three years, and after satisfaction, the remainder, if any, to the sole and separate use of Matilda McFarlane, wife of the defendant, Geo. W. McFarlane.
*169 On the 19th of February, 1861, the complainant, Graves, tendered $1,440, in gold coin, to William Craig, in redemption of the house and lot, which was refused. He thereupon deposited the same with the Clerk of the Circuit Court of Knox County, who, on the same or succeeding day, addressed a written notice to Geo. W. Bridges, then a resident of McMinn County, informing him of the deposit, its object and purpose. .TJnder the foregoing state of facts, Graves, as assignee, and .for the benefit of the creditors of .the defendant, McFarlane filed this bill to enforce the redemption.
Various questions are raised in argument, and submitted for our determination. It is insisted: 1st, That the assignment of the 11th of February, 1859, is inoperative to confer upon complainant, as trustee, the right of redemption; and if it be held to be operative, then it' is a fraud in law, and void as to creditors, and purchasers for a valuable consideration, without notice. 2d, If complainant represents creditors, no redemption can be had by him, because the equity had been in good faith, sold, and, for a valuable consideration, conveyed by McFarlane to Bridges, before the offer to redeem was made.
The determination of these questions chiefly depends upon the effect that is to be given to the assignment of the 14th of February, 1859. The right of a bargainor in a trust deed, or a defendant in an execution, to transfer by assignment, his equity, seems to be the settled law in this State: Hepburn vs. Kerr & Davidson, 9 Hum., 726; Huffacre vs. Bow *170 man, 4 Hum., 98, and earlier cases cited. The right once settled, it follows of necessity, that the assignee is clothed with the same equities that existed in the assignor. This assignment in question, was made two days prior to the sale under the first deed, and the language employed in the deed, is as follows: “I also hereby assign the following real estate.” ' Here follows a description of other real estate, and then the words, “Also, a house and lot on the corner of Church and Crooked Streets, in which the said McFarlane now resides. This real estate is hereby conveyed to the party of the second part, in fee simple, yet subject to the liens and incumbrances hereinafter enumerated and specified.”
The language employed in the deed, does not, in terms, convey the equity, but it must be held, in view of the fact that McFarlane had previously conveyed the legal title to Crozier, that he intended, and by the use of the words, “this real estate is hereby conveyed in fee simple,” he did transfer all the right, title and interest, which then remained in him, to the assignee. Any other construction would be to declare the assignment wholly inoperative and void, as to this particular property, and defeat what seems to be the obvious legal import of the language employed.
The right of the trustee to sell under the assignment, depended on a contingency, which, it is true, might never happen; but that could, in no wise, affect the operation of the deed. It clothed the trustee with • the equity of redemption for the time being, and he could exercise it until he was divested of it.
*171 We are unable to concur in tbe ingenious argument tbat tbe exercise of tbe right of redemption by tbe trustee, was a fraud in law, and void as to creditors, and purchasers for a valuable consideration, without notice. In this case, tbe creditors have no just ground of complaint. Tbe proposed redemption was for their benefit, and they could bold tbe trustee to a strict account, for the application of tbe trust fund; nor can tbe purchasers who are resisting tbe enforcement of this redemption, justly complain, for they bad at least constructive, if not actual notices of tbe assignment, long before tbe sale under which Bridges purchased. Much less can it be regarded a ground of complaint to other creditors, if any, who, by their own laches, have suffered tbe equity of redemption to pass out of the debtor, without attempting to assert their rights.
2d. As to the second objection, we need only say, that the equity of redemption, by virtue of the assignment to the complainant, on the 11th day of February, 1859, having been transferred to the trustee, there remained no interest in McFarlane, on the 14th of March, 1859, which he could convey to Bridges; and the trustee being clothed with the equity, it was not necessary, in order to authorize him to redeem, that the beneficiaries should be judgment creditors.
Objection is taken in argument to the insufficiency of the amount of money tendered to cover registration fees, etc. We do not think this objection available now. Judgment, pro confesso, has been regularly entered against the defendant, Bridges, and the *172 record no where discloses the fact, that any objection was heretofore taken to the amount tendered; and under the authority of the case of Smith vs. Kin-caid, 10 Hum., 13, we do not feel authorized now to disturb the decree of the Chancellor, which must be affirmed.